IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 97-326

IN THE MATTER OF AMENDING THIS          )
COURT'S STANDARDS FOR COMPETENCY        )          O R D E R
OF COUNSEL FOR INDIGENT PERSONS IN      )
DEATH PENALTY CASES                     )

FILED

JUL 1 8 2002

On June 29, 1999, this Court adopted Standards for Competency of Counsel for Indigent Persons in Death Penalty Cases.

By reason of the adoption of $46-1-401, MCA by the 2001 Legislature, it is necessary that Standard I be amended so as to avoid conflict with the statute.

Therefore,

IT IS ORDERED that Standard I of this Court's June 29, 1999, Standards for Competency of Counsel for Indigent Persons in Death Penalty Cases is AMENDED in those respects indicated on Exhibit "A" attached hereto and, by this reference, made a part hereof for all purposes. Underscored material is added; stricken material is deleted.

IT IS FURTHER ORDERED that the Standards for Competency of Counsel for Indigent Persons in Death Penalty Cases, as amended, in the form attached hereto as Exhibit "B" and by this reference made a part hereof for all purposes are ADOPTED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail with Exhibits "A" and "B" to each of the Judges of the District Courts of the State of Montana; to the Clerks of the District Courts of the State of Montana; to each attorney who

1

has registered with the Clerk of this Court pursuant to Standard V; to the Attorney General for the State of Montana; to the Code Commissioner for the State of Montana; to the Executive Director of the State Bar of Montana with a request that this order and the exhibits be published in the next available issue of the *Montana Lawyer* and posted to the State Bar's website; and to the State Law Librarian with a request that this Order and the exhibits be posted to the State Law Library website.

Dated this 16th day of July, 2002.

Karla M. Gray
Chief Justice

Justices

2

# STANDARDS FOR COMPETENCY OF COUNSEL FOR
# INDIGENT PERSONS IN DEATH PENALTY CASES

_____

## I    TRIAL PHASE

1.

a.    In any case in which death is a potential punishment, the prosecutor shall <u>comply with § 46-1-401. MCA, and shall</u> file with the district court, within 60 days after arraignment, <u>and serve upon counsel of record</u> ~~statement indicating whether the prosecutor believes that sufficient evidence exists to establish by the appropriate standard of proof one or more of the statutory aggravating factors necessary to impose the death penalty under Montana law, and~~ a notice stating whether the prosecutor intends to seek the death penalty upon a conviction in the case.

~~b.   The prosecutor shall not identify in the notice the aggravating factor or factors believed to be present or the evidence on which the prosecutor will rely to prove an aggravating factor, but upon request by the defense the prosecutor shall identify to defense counsel the aggravating factor(s) the prosecutor believes are present and the evidence supporting the existence of the aggravating factor(s).~~

b.~~c.~~  The prosecutor may withdraw the notice <u>of intent to seek the death</u>

Exhibit "A"

1

penalty provided in this standard at any time by filing with the district court and serving counsel of record with a notice of withdrawal of intent to seek the death penalty.

~~d. If the prosecutor does not indicate a belief that the death penalty may be appropriate in a notice filed within 60 days after arraignment as provided by this standard, but later acquires evidence that, together with any other evidence, leads the prosecutor to conclude that sufficient evidence exists to establish, to the appropriate standard of proof, one or more of the statutory aggravating factors necessary to impose the death penalty upon a conviction in the case, the prosecutor may file the notice provided in this section, only with leave of the district court, after consideration of the cause for the delay and any prejudice to the defendant.~~

2. Upon establishment of indigency as provided in Title 46, Chapter 8, Part 1, Montana Code Annotated, and identification of a cases as one in which the prosecutor believes sufficient evidence exists to show that one or more statutory aggravating factors under § 46-18-303, MCA, can be proved to the appropriate standard of proof, the district court shall appoint two counsel to represent the defendant.

3. In selecting appointed counsel, the district court shall secure sufficient information from counsel to be appointed either in writing or on the record, to satisfy the district court that counsel possess the following minimum qualifications:

## STANDARDS FOR COMPETENCY OF COUNSEL FOR INDIGENT PERSONS IN DEATH PENALTY CASES

_____

**I      TRIAL PHASE**

1.

   a.      In any case in which death is a potential punishment, the prosecutor shall comply with § 46-1-401, MCA, and shall file with the district court, within 60 days after arraignment, and serve upon counsel of record a notice stating whether the prosecutor intends to seek the death penalty upon a conviction in the case.

   b.  The prosecutor may withdraw the notice of intent to seek the death penalty provided in this standard at any time by filing with the district court and serving counsel of record with a notice of withdrawal of intent to seek the death penalty.

2.  Upon establishment of indigency as provided in Title 46, Chapter 8, Part 1, Montana Code Annotated, and identification of a cases as one in which the prosecutor believes sufficient evidence exists to show that one or more statutory aggravating factors under § 46-18-303, MCA, can be proved to the appropriate standard of proof, the district court shall appoint two counsel to represent the defendant.

3. In selecting appointed counsel, the district court shall secure sufficient information from counsel to be appointed either in writing or on the record, to satisfy the district court

Exhibit "B"

that counsel possess the following minimum qualifications:

a.  Both appointed attorneys must be members in good standing of the State Bar of Montana or admitted to practice before the district court *pro hac vice.*

b.  Both counsel must have completed or taught, in the two-year period prior to appointment or within 90 days after the appointment, a continuing legal education course or courses, approved for credit by the appropriate authority under the rules adopted by the Montana Supreme Court, at least 12 hours of which deal with subjects related to the defense of persons accused or convicted of capital crimes.

c.  Counsel, either individually or in combination, must have had significant experience within the past 5 years in the trial of criminal cases to conclusion, including a capital case or a case involving charges of or equivalent to deliberate homicide under Montana law.

d.  The nature and volume of the workload of both appointed counsel is such that they will have the ability to spend the time necessary to defend a capital case.

e.  Counsel are familiar with and have a copy of the current American Bar Association standards for the defense of capital cases.  By adoption of this provision, the Montana Supreme Court does not hold that adherence to the

guidelines is required as a condition of providing effective assistance of counsel, or that failure to adhere to the guidelines gives rise to an inference of ineffective assistance of counsel.

## II    APPEAL PHASE

1. If a defendant is sentenced to death and is determined by the district court to be indigent, the district court shall appoint two attorneys to represent the defendant on direct appeal.

2. In selecting appointed counsel for appeal, the district court shall secure sufficient information from counsel to be appointed, either in writing or on the record, to satisfy the district court that counsel possess sufficient appellate experience to provide adequate representation to the defendant on appeal and the following minimum qualifications:

a. Both appointed attorneys must be members in good standing of the State Bar of Montana or admitted to practice before the district court *pro hac vice.*

b. Both counsel must have completed or taught, in the two-year period prior to appointment or within 90 days after the appointment, a continuing legal education course or courses, approved for credit by the appropriate authority under the rules adopted by the Montana Supreme Court, at least 12 hours of which deal with subjects related to the defense of persons accused or convicted of capital crimes.

c.  Counsel, either individually or in combination, must have had significant experience within the past 5 years in the appeal of criminal cases, including a capital case or a case involving charges of or equivalent to deliberate homicide under Montana law.

d.  The nature and volume of the workload of both appointed counsel is such that they will have the ability to spend the time necessary to appeal a capital case.

e.  Counsel are familiar with and have a copy of the current American Bar Association standards for the defense of capital cases By adoption of this provision, the Montana Supreme Court does not hold that adherence to the guidelines is required as a condition of providing effective assistance of counsel, or that failure to adhere to the guidelines gives rise to an inference of ineffective assistance of counsel.

## III  POSTCONVICTION PHASE

The following standards shall apply to counsel appointed by the district court to represent indigent petitioners in postconviction proceedings under Title 46, Chapter 21, who are sentenced to death.

1.  The district court shall follow the procedure set forth in § 46-21-201, MCA, in appointing counsel in state postconviction cases.

2.  The district court shall appoint two counsel.  One of the appointed counsel may be

an attorney who has been admitted pro *hac vice.* Lead counsel shall satisfy all of the following:

    a. He or she must be an active member in good standing of the Montana State Bar or be admitted pro *hac vice.*

    b. He or she must have at least 5 years criminal trial, criminal appellate, or state or federal postconviction experience, which experience may have been obtained in Montana or in another jurisdiction.

    c. He or she must have completed or taught, in the two-year period prior to appointment or within 90 days after the appointment, a continuing legal education course or courses, approved for credit by the appropriate authority under the rules adopted by the Montana Supreme Court, at least 12 hours of which deal with subjects related to the defense of persons accused or convicted of capital crimes.

3. In addition, the appointed counsel, either individually or in combination, shall have the following qualifications obtained in Montana or another jurisdiction:

    a. Experience as counsel for either the defendant or the state in the trial of one deliberate homicide case;

    b. Experience as counsel for either the defendant or the state in the trial of three felony cases;

    c. Experience as counsel for either the petitioner or the state in three

cases involving claims for state postconviction or federal habeas corpus review.

4. As used in this Order, "trial" means a case concluded with a judgment of acquittal under § 46-18-102(2), MCA, or submission to the trial court or jury for decision and verdict.

## IV EFFECT OF FAILURE TO ADHERE TO STANDARDS

No error or omission in the procedure outlined in the trial or appellate standards shall constitute a ground for relief from a conviction or sentence unless the defendant shows that the standards were not followed in a material way and that counsel's performance fell so far below the standard of reasonably effective counsel, and was sufficiently prejudicial t other defense of the defendant. as to constitute a denial of effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution or Article II, Section 24 of the Montana Constitution. *See Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Pursuant to § 46-21-201(3)(f), MCA, any failure to adhere to the standards for appointment of postconviction counsel may not serve as a basis for a claim for postconviction relief.

## V REGISTRY OF COUNSEL AVAILABLE FOR APPOINTMENT

1. For the convenience of the district courts, the Clerk of the Supreme Court shall maintain a registry of counsel who are qualified under these standards, who are available for

appointment in capital cases in one or more of the phases referred to, and who desire to have their names and pertinent data included in this registry. Qualified counsel wishing to be included in this registry shall submit to the Clerk in writing counsel's name, address and phone number; along with a current resume, *curriculum vitae* and statement of qualifications; pertinent legal education courses, training, experience in other capital cases or cases involving charges of or equivalent to deliberate homicide under Montana law; the courts and jurisdictions in which counsel is admitted to practice and is in good standing; and the phase or phases for which counsel is qualified for appointment. Counsel are encouraged to update this data from time to time. For efficiency and convenience, the Clerk may prescribe the use of a form or forms for purposes of marshaling this data and maintaining this registry.

2. On request of a district court, the Clerk shall make available to the district court so much of the data in the registry as the district court may require, provided that ht Clerk may charge to the district court the reasonable costs of photocopying and mailing or faxing such data.

3. Nothing herein shall be deemed to require the Clerk to independently seek, solicit, gather update or verify the accuracy or currency of names of and data pertaining to counsel to be included in, furnished for or maintained in this registry. It shall be the sole duty of the appointing district court to secure sufficient information from counsel to be appointed to satisfy the district court that counsel possesses the minimum qualifications required by these standards.